CLANCEY, Respondent, v. FARMERS' ELEVATOR COM-
PANY, et al, Appellants (BEACH, Intervenor).

(245 N. W. 391.)

(File Nos. 7442, 7443. Opinion filed November 28, 1932.)

M. L. *Parish*, of Murdo, for Appellants.

W. W. *Reams*, of Cedar Rapids, Iowa, and *Clyde H. King*, of Mitchell, for Respondent.

WARREN, J. Plaintiff and one Convey entered into a written lease for the farming of certain lands in Jones county, under which lease Convey was to pay certain cash rental and upon his performance of all the terms of said lease he would be entitled to a two-thirds share of the crop as compensation for his services. The lease had the usual provisions of a farm lease to the effect that the owner of the land should retain title to the crop until a division was made as security for the payment of the rent. Convey went into possession and farmed the land during the season of 1928, and plaintiff accepted the proceeds from one-third of the crop raised that year. In 1929, the tenant again farmed the land, and the entire crop for the year was delivered to the defendant Farmers' Elevator Company; the plaintiff receiving the one-third of the proceeds and Convey's two-thirds share of the proceeds was paid by the elevator to the intervener, Beach, as holder of a mortgage on Convey's share of the crop raised on the land that year.

The plaintiff in his amended complaint has alleged the ownership of the land whereon the crop was raised, the execution of the farm contract and lease, the filing thereof with the register of deeds of Jones county, S. D. Plaintiff also alleges that the tenant failed and refused to carry out and perform the terms thereof by failing to pay cash rental, do certain work, damage to crops in the

tenant's failure to properly harvest the crop, and further pleaded that the plaintiff had obtained a judgment against the tenant in the circut court for damages suffered by the plaintiff because of the failure of the said tenant to carry out and perform the terms of the contract. There is an allegation of the conversion of the grain by the Farmers' Elevator Company of Draper, S. D., delivered to it by the tenant. Thereafter one Joseph Beach, who claimed to hold a mortgage upon the tenant's crops, intervened. The record contains a pleading by the intervener, Beach, in which he seeks permission to intervene in the action, and, upon a motion for an order to show cause based upon the verified pleadings of the intervener, he was granted permission to intervene. The intervener has pleaded substantially the same matter as pleaded by the defendant in its answer. The plaintiff thereafter moved the court for an order requiring the defendant and intervener to show cause why the court should not enter judgment for the plaintiff upon all of the pleadings for the reason that the defendant and intervener had failed to raise any issue of fact or any legal question which had not theretofore been determined by the court. The plaintiff in his affidavit contended: "That the defendants and each of them, in their answers, have not raised an issue or question of fact, and that each and all of the statements set out in said answers failed to raise an issue of fact to be tried by the court."

The trial court fixed a time and place for the hearing of said order to show cause. Defendant and intervener failing to appear, the court made findings, conclusions, and a judgment in favor of the plaintiff, from which findings, conclusions, and judgment the Farmers' Elevator Company and the intervener, Joseph Beach, separately perfected their appeals to this court, which appeals have been consolidated.

Appellants argue that the lower court did not have power or authority to enter a judgment in favor of the respondent upon the pleadings. An examination of the pleadings shows quite conclusively that there are sufficient matters pleaded to raise issues of fact. First, we find a denial of each and every allegation in the complaint pleaded as follows: "Defendant denies in said amended complaint each and every allegation thereof not hereinafter admitted, qualified or explained."

A further search of the answer and the intervener's pleading to amended complaint discloses what we construe as an affirmative allegation that the grain was delivered to the elevator by the tenant and there divided with the consent of the plaintiff (the landlord), who received and accepted the proceeds from the sale of his share of the grain in settlement of any lien or interest he had under the lease in the grain raised on the farm. The above allegation raises issues of fact which must be tried in the usual way, and cannot be disposed of by proceedings for judgment on the pleadings.

Without further reference to the matters stated in the answer and the intervener's pleading, and while it might be stated that the answer and intervener's pleading are not artistically drawn, yet the matters therein stated raise issues of facts which must be tried and cannot be disposed of in the manner and form attempted · by the respondent in this case. The purported proceedings had in the circuit court were somewhat in the nature of a judgment upon the pleadings which cannot in this case be sanctioned.

It therefore necessarily follows that the findings, conclusions, and judgment are erroneous, and that the judgment appealed from should be, and the same is, reversed.

All the Judges concur.